# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MAHAMADOU ALHOUSSEINI, <br> Petitioner, <br> <br> vs. <br> <br> MATTHEW WHITAKER, *et al.*, <br> Respondents. | Case No. 1:18-cv-848 <br> <br> Black, J. <br> Bowman, M.J. <br> <br> **REPORT AND** <br> **RECOMMENDATION** |

Petitioner, who is currently detained pursuant to removal orders issued by United States Immigration and Customs Enforcement (ICE), through counsel, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the Court on the petition, respondents' return of writ, and petitioner's reply. (Doc. 1, 9, 10).

For the reasons stated below, the undersigned recommends that the petition be denied without prejudice. In light of this recommendation, it is further recommended that petitioner's motion for a hearing (Doc. 12) be denied.

## I. BACKGROUND

On September 4, 2004, petitioner, a native and citizen of Niger, entered the United States as a nonimmigrant visitor for business and was authorized to remain in the United States for a temporary period not to exceed December 2, 2004. (Doc. 11-2 at PageID 76). Petitioner overstayed his period of authorized stay and, on May 18, 2009, a notice to appear was issued charging petitioner as removable under 8 U.S.C. § 1227(a)(1)(B) as an alien who was admitted as a non-immigrant and who overstayed their period of authorized stay. (Doc. 9-1, Moyer Decl. at PageID 48). On April 13, 2017, petitioner was ordered removed from the United States to Niger. (*Id.*; Doc. 11-2 at PageID 89). In issuing the decision, the immigration judge determined that petitioner failed to show that he was not inadmissible for making willful misrepresentations

of material fact in his asylum interview or for his membership in a terrorist group. (*See* Doc. 11-2 at PageID 88).[1]

Petitioner appealed the immigration judge's order, but the Board of Immigration Appeals denied his appeal on December 29, 2017. (Doc. 9-1, Moyer Decl. at PageID 48). Petitioner filed a petition for review from the BIA's decision in the Sixth Circuit Court of Appeals. On October 4, 2018, the Sixth Circuit denied the petition and a mandate issued on November 27, 2018. (*Id.* at PageID 49).

Meanwhile, on May 4, 2018, petitioner was taken into ICE custody. (Doc. 1 at PageID 5; Doc. 9-1, Moyer Decl. at PageID 49). Prior to that date, on or about February 1, 2018, a travel document request was made to the Embassy of Niger. (*Id.*). Petitioner was interviewed by a consular officer on July 18, 2018. On or about August 15, 2018, ICE was notified by the Embassy of Niger that a travel document would not be issued until petitioner's pending Petition for Review was fully adjudicated. Following the Sixth Circuit's October 4, 2018 decision, on November 20, 2018, an official with the Embassy of Niger confirmed petitioner's Niger citizenship, but indicated that a travel document would not be issued until it was verified that all litigation was concluded. Petitioner was again interviewed by an officer with the Embassy of Niger on December 27, 2018. (*Id.*). On February 7, 2019, ICE issued a Decision to Continue Detention, noting that "ICE is currently working with the government of Niger to secure a travel document for your removal from the United States. A travel document from the Government of Niger is expected, therefore you are to remain in ICE custody at this time." (Doc. 10-1 at PageID 70).

---

[1] The immigration judge found petitioner inadmissible under INA § 212(a)(6)(C)(i) (fraud or willful misrepresentation) and INA § 212(a)(3) (member of a terrorist organization). (*See* Doc. 11-2 at PageID 88). These provisions are codified at 8 U.S.C. § 1182(a)(6)(C)(i) and § 1182(a)(3)(B)(i)(VI). (*See* Doc. 9 at PageID 62).

Petitioner commenced the instant habeas corpus petition on December 3, 2018. (Doc. 1). Petitioner contends that he is entitled to relief because he has been detained for more than six months with no significant likelihood of actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001). He also claims that his continued detention violates his federal due process rights.

Respondents oppose the petition, arguing that it is significantly likely that petitioner will be removed to Niger in the reasonably foreseeable future. (Doc. 9). In support of its position, respondents include the Declaration of Jerome Moyer, an ICE Deportation Officer familiar with the immigration proceedings against petitioner. (Doc. 9-1, Moyer Decl. at PageID 48). According to Moyer, no categorical impediment exists to removing aliens to Niger and the delay in issuing a travel document is due, in part, to the pendency of this habeas action. (*Id.* at PageID 49–50). Moyer states that he believes petitioner can and will be removed to Niger in the reasonably foreseeable future, particularly in light of Niger acknowledging petitioner's citizenship. (*Id.*).

Petitioner has filed a reply to the return of writ (Doc. 10). Respondents also filed supplemental exhibits. (Doc. 11).

**II. OPINION**

Congress has prescribed that once an alien has been ordered to be removed from the United States, "the Attorney General shall detain the alien" and "remove the alien from the United States within a period of 90 days." 8 U.S.C. §§ 1231(a)(1)(A) & 1231(a)(2). Title 8 U.S.C. § 1231(a)(6) further provides in relevant part:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period.

3

By its terms, § 1231(a)(6) "applies to three categories of aliens: (1) those ordered removed who are inadmissible under § 1182, (2) those ordered removed who are removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4), and (3) those ordered removed whom the Secretary [of DHS] determines to be either a risk to the community or a flight risk." *Clark v Martinez,* 543 U.S. 371, 377 (2005). In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court interpreted the provision "to authorize the Attorney General (now the Secretary [of DHS]) to detain aliens in the second category only as long as 'reasonably necessary' to remove them from the country." *Clark,* 543 U.S. at 377 (quoting *Zadvydas*, 533 U.S. at 689, 699). The *Zadvydas* Court held that reading § 1231(a)(6) to authorize indefinite detention would "raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause. *Zadvydas*, 533 U.S. at 690. Therefore, the Court "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* at 682.

In *Zadvydas*, 533 U.S. at 701, the Supreme Court considered the six-month detention of an alien who is subject to removal due to criminal convictions to be presumptively reasonable. The Court then provided the following guidance in addressing detentions that exceed the six-month presumptively reasonable limit:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id*. Although *Zadvydas* only addressed the second category of aliens covered by § 1231(a)(6), the Supreme Court has held that the *Zadvydas* Court's construction of the statutory provision

4

applies "without differentiation to all three categories of aliens that are its subject," including the first category of aliens who, like petitioner, were ordered removed as "inadmissible" under 8 U.S.C. § 1182.  *See Clark*, 543 U.S. at 378.

In this case, petitioner does not challenge the removal order that was issued on April 13, 2017, nor does he dispute that he is subject to removal to Niger.  It is also undisputed that, at this point in time, petitioner has been detained longer than the six-month presumptively reasonable period under *Zadvydas*.

In Ground One of the petition, petitioner contends that his continued detention violates the statutory provision requiring his removal from the United States "within a period of 90 days." *See* 8 U.S.C. §§ 1231(a)(1)(A) & 1231(a)(2).  Petitioner is unable to prevail on that claim given the provision set forth in 8 U.S.C. § 1231(a)(6), which permits detentions beyond the 90-day removal period for aliens, like petitioner, who are ordered removed on the ground that they are "inadmissible" under 8 U.S.C. § 1182.  (*See infra n.*1).

In addition, petitioner has not demonstrated that he is entitled to habeas relief based on his claim in Ground Two that his Fifth Amendment right to substantive due process has been violated because he has remained in detention beyond the presumptively reasonable six-month period recognized by the Supreme Court in *Zadvydas*.  Petitioner has not met his initial burden of proof under *Zadvydas* in the absence of any evidence in the record showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *See Zadvydas*, 533 U.S. at 701.

As indicated above, it appears that ICE officials have been working to secure a travel document for petitioner's removal.  ICE Deportation Officer Moyer avers that a travel document request was submitted to the Embassy of Niger in February 2018, prior to petitioner's being

taken into custody, however ICE was informed that the travel document would not be issued during the pendency of petitioner's BIA appeal. After the BIA dismissed petitioner's appeal an official with the Embassy of Niger informed ICE that petitioner's citizenship had been confirmed, but that the travel document would not be issued until all litigation was concluded. (*See* Doc. 9-1, Moyer Decl. at PageID 48–50).

In other analogous cases where the only impediment to removal is the issuance of the appropriate travel documentation, courts have uniformly held that "mere delay by the foreign government in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Estenor, supra,* 2011 WL 5572596, at *3 (citing *Joseph v. Holder*, No. 11-11118, 2011 WL 2893070, at *3 (E.D. Mich. July 20, 2011); *Resil v. Hendricks*, Civ. Act. No. 11-2051, 2011 WL 2489930, at *6 (D.N.J. June 21, 2011)); *see also Newell v. Holder*, 983 F. Supp.2d 241, 248 (W.D.N.Y. 2013) (and numerous cases cited therein); *Nasr v. Larocca,* No. CV 16-1673, 2016 WL 3710200, at *3-4 (C.D. Cal. June 1, 2016) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2016 WL 3704675 (C.D. Cal. July 11, 2016); *Chen v. Banieke*, Civ. No. 15-2188, 2015 WL 4919889, at *4-5 (D. Minn. Aug. 11, 2015); *Head v. Keisler*, No. CIV-07-402-F, 2007 WL 4208709, at *5-6 (W.D. Okla. Nov. 26, 2007) (and numerous cases cited therein).

Furthermore, a foreign government's refusal to issue travel documents due to pending litigation is also insufficient to carry the initial burden under *Zadvydas*. *See, e.g.*, *King v. Green*, No. 15-8519, 2016 WL 927340, at *3 (D.N.J. Mar. 11, 2016) (finding that the petitioner failed to carry his burden under *Zadvydas* where "resolution of this habeas petition will remove the last

obstacle to obtaining the necessary travel documents from the Embassy for Barbados, which will not act until [the petitioner]'s pending litigation is resolved") (internal quotation marks omitted); *Amadi v. Young,* No. 2:06-cv-1138, 2007 WL 855358, at *4 (W.D. La. Feb. 12, 2007) (Report and Recommendation), *adopted*, (W.D. La. Mar. 16, 2007) (denying habeas relief where Nigeria refused to issue travel documents due to the petitioner's pending litigation, noting "the court finds that because petitioner's continuing litigation is the cause of his continued detention, he cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future. Once petitioner's legal proceedings are concluded, it is likely that he will be removed to Nigeria"); *Bradshaw v. Immigration & Naturalization Serv.*, No. 01-cv-5221, 2002 WL 1160832, at *2 (E.D. Pa. June. 3, 2002) ("the primary reason for the delay in removing Petitioner rests upon the unwillingness of the foreign consulate to issue the travel documents necessary to effectuate Petitioner's removal due to the pending litigation, namely, the litigation of the instant habeas petition. . . . . because Petitioner provides no good reason as to why his removal in the reasonably foreseeable future following the disposition of the instant petition, Petitioner's continued detention is reasonable.").

As in these cases, petitioner fails to provide any reason why he is not significantly likely to be removed in the reasonably foreseeable future once his pending litigation has concluded. As indicated above, deportation officer Moyer attests that no categorical impediments exist to removing aliens to Niger and petitioner's citizenship has been confirmed. (Doc. 9-1, Moyer Decl. at PageID 49–50). In the absence of any evidence in the record to suggest that the Embassy of Niger will not issue petitioner's travel document in the reasonably foreseeable future, the undersigned concludes that petitioner has failed to meet his initial burden of proof under *Zadvydas*

Finally, as to Ground Three, petitioner has not demonstrated that he is entitled to habeas relief on the ground that he has not been provided a "neutral decision-maker" to review his continued custody in violation of his right to procedural due process. (*See* Doc. 1 at PageID 8). There is simply no evidence in the record even remotely suggesting there is any merit to that conclusory claim. *Cf. Atugah v. Dedvukaj*, No. 2:16cv68, 2016 WL 3189976, at *4 (W.D. Mich. May 10, 2016) (Report & Recommendation) (rejecting a similar claim as meritless), *adopted*, 2016 WL 3166600 (W.D. Mich. June 7, 2016), *appeal filed*, No. 16-1862 (6th Cir. June 22, 2016); *Moses, supra*, 2016 WL 2636352, at *4 (holding in an analogous case that in the absence of "some indication . . . that ICE failed to comply with any specific requirements" of custody-review procedures established in the Code of Federal Regulations, petitioner had not demonstrated a violation of his Fifth Amendment right to procedural due process).

Accordingly, in sum, the undersigned concludes that petitioner has not demonstrated that he is entitled to habeas corpus relief because he has not shown that he is currently in ICE custody in violation of the Constitution or laws of the United States. Although petitioner has not shown an entitlement to relief at this time, if his detention continues for an extended period, he may be able to make the requisite showing under *Zadvydas* at a later time. *Cf. Nasr, supra*, 2016 WL 3710200, at *6 (and cases cited therein); *Estenor, supra,* 2011 WL 5572596, at *4. Therefore, the instant petition should be dismissed without prejudice to petitioner's ability to apply for future relief if circumstances change. *See id.*

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** without prejudice. Petitioner's motion for a hearing (Doc. 12) should also be **DENIED**.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAHAMADOU ALHOUSSEINI,<br>    Petitioner, | Case No. 1:18-cv-848 |
| vs. | Black, J.<br>Bowman, M.J. |
| MATTHEW WHITAKER, *et al.*,<br>    Respondents. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).