UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MAHAMADOU ALHOUSSEINI, | : | Case No. 1:18-cv-848 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| MATTHEW WHITAKER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE (Doc. 13) AND
TERMINATING THIS CASE IN THIS COURT**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman.

Petitioner is a citizen of Niger, who has been detained by ICE since May 4, 2018, pursuant a removal order.[1]  (Doc. 13 at 1-2).  Petitioner has appealed the removal order to both the Board of Immigration Appeals and the Sixth Circuit Court of Appeals.  (*Id.* at 2). However, both of these appeals have been denied.  (*Id.*)

On December 3, 2018, following the Sixth Circuit's denial of his appeal, Petitioner filed the instant petition for a writ of habeas corpus (the "Petition") challenging the legality of his detention.  (Doc. 1).  Specifically, Petitioner claims that he is entitled to

---

[1] The Immigration Court issued an order mandating Petitioner's removal from the United States to Niger on April 13, 2017, after concluding that Petitioner was "inadmissible under INA § 212(a)(6)(C)(i) (fraud or willful misrepresentation) and INA § 212(a)(3) (member of a terrorist organization)." (Doc. 13 at 1, 2 n.1; *see also* Doc. 9-1 at 1; Doc. 11-2 at 1–14).

habeas corpus relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained for more than six months without any reason to believe that he will be removed in the foreseeable future. (*Id.* at 6).

In response to the Petition, ICE Deportation Officer Moyer submitted a declaration (the "Declaration"), detailing how ICE has been working with the Embassy of Niger to get Petitioner out of detention and removed to Niger. (Doc. 9-1 at 1–3). Officer Moyer explains that, on August 15, 2018, the Embassy of Niger informed ICE that "a travel document would not be issued until [Petitioner's Sixth Circuit case] was ruled on." (*Id.* at 2). Following the Sixth Circuit's ruling, on November 20, 2018, the Embassy of Niger informed ICE that it would still not issue the travel documents needed to effectuate Petitioner's removal until after "it was <u>verified</u> that <u>all</u> [of Petitioner's] litigation had been concluded." (*Id.* (emphasis added)). Thus, the Declaration indicates that the obstacle standing between Petitioner and removal thus far has been Petitioner's continued litigation. (*See id.* at 2–3).

On April 1, 2019, the Magistrate Judge submitted a Report and Recommendation (the "R&R") recommending the denial of the Petition without prejudice. (Doc. 13). In the R&R, the Magistrate Judge concludes that Petitioner is not entitled to habeas corpus relief under *Zadvydas*, because he has failed to provide any good reason why he will not be removed upon the conclusion of his pending litigation. (*Id.* at 7).

On April 15, 2019 and April 25, 2019, Petitioner filed objections to the R&R, which are now before the Court. (Docs. 15, 17). As set forth *infra*, Petitioner's objections are not well-taken.[2]

First, Petitioner argues that the Magistrate Judge should not have cited the Declaration in the R&R, because it "contain[s] facts that are incorrect." (Doc. 17 at 2). Petitioner asserts that the Declaration does not: identify the Embassy of Niger employee with whom ICE spoke; contain a written transcript of ICE's conversation with the Embassy of Niger employee; contain any written/tape/video documentation of ICE's conversation with the Embassy of Niger employee; or contain enough information about certain of Petitioner's interviews with the Embassy of Niger. (*Id.* at 2–3). In short, Petitioner contests the veracity of Officer Moyer's declaration, arguing that further evidence is required. The Court disagrees. Officer Moyer's sworn declaration serves as sufficient evidence, in and of itself, and Petitioner has offered no evidence upon which this Court could conclude that the Declaration is inaccurate.

---

[2] As an initial matter, Petitioner's April 15, 2019 filing does not constitute a proper "objection" to the R&R, as it merely states general disagreement with the Magistrate Judge's findings. (Doc. 15). However, "[a] party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995))). Accordingly, these **objections are OVERRULED**.

Additionally, Petitioner's April 25, 2019 objections are untimely. *See Jones v. Warden, Ross Corr. Inst.*, No. 1:11-CV-871, 2013 WL 6230365, at *1 (S.D. Ohio Dec. 2, 2013) (stating that the "failure to file timely objections not only waives the right to de novo review of a Magistrate [Judge]'s Report and Recommendation, but dispenses with the need for the district court to conduct any review"). Regardless, the Court will consider these objections.

Next, Petitioner argues that the Magistrate Judge should not have cited the Declaration because it is speculative. In the Declaration, Officer Moyer explains that "the current delay in issuing [] travel document[s] is due, at least in part, to the pendency of this habeas action." (Doc. 9-1 at 2). In response, Petitioner argues that Officer Moyer is not at "Liberty to GUESS" whether the present litigation "has anything to do with the [E]mbassy[] [of Niger's] refusal to issue [Petitioner's] travel document[s]." (Doc. 17 at 3). But Officer Moyer's statement is not based on speculation. It is based on the Embassy of Niger's own assertion—that it would not issue the travel documents needed to effectuate Petitioner's removal until after "it was verified that all [of Petitioner's] litigation had been concluded." (Doc. 9-1 at 2 (emphasis added)). Thus, Petitioner's second argument is not availing.

Petitioner also claims that the Embassy of Niger's aforementioned assertion could not apply to the present litigation, because the Embassy of Niger made it on November 20, 2018—about two weeks before Petitioner commenced the present litigation on December 3, 2018. (Doc. 17 at 2). While the Embassy of Niger certainly could not have known that the pending habeas action was forthcoming, it nonetheless stated that no travel documents would issue until "it was verified that all [of Petitioner's] litigation had been concluded." (Doc. 9-1 at 2). Thus, the filing of the instant case before verification was so accomplished, created yet another pending action that would delay his removal.[3]

---

[3] Petitioner also claims that, if the Embassy of Niger had really intended to issue Petitioner the travel documents upon the conclusion of "all litigation," it would have done so in the two litigation-free weeks separating: (1) the issuance of its aforementioned assertion on November 20, 2018; and (2) the filing of the present litigation on December 3, 2018. (Doc. 17 at 3). But

4

Finally, Petitioner argues that the Declaration does not "show" that Petitioner's travel documents are either "available on hand" or due to be issued presently. (Doc. 17 at 4). But, even if the Court takes Petitioner's argument as true, under *Zadvydas* a respondent is only required to present such evidence after a petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. As the Magistrate Judge concluded in the R&R, Petitioner has failed to make this threshold showing. (Doc. 13 at 7 (Absent "any evidence in the record to suggest that the Embassy of Niger will not issue [P]etitioner's travel document in the reasonably foreseeable future [*i.e.*, upon the conclusion of his pending litigation], the undersigned concludes that [P]etitioner has failed to meet his initial burden of proof under *Zadvydas*.")).[4] Thus, Petitioner's final argument is not availing.[5]

---

the Court will not infer that the Embassy of Niger is "unwilling to issue" Petitioner's travel documents, simply because it did not do so in the short litigation-free window of time Petitioner gave it. (*Id.*)

[4] The cases cited in Petitioner's Objections support this conclusion. *See, e.g.*, *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 49–50 (D.D.C. 2002) (concluding that respondents <u>had failed to rebut petitioner's</u> "good reason" that there was "no significant likelihood of removal in the reasonably foreseeable future," because, *inter alia*, respondents had not demonstrated that any travel documents were available on hand or due to be issued presently).

[5] *Accord Bradshaw v. I.N.S.*, No. 2:01-CV-5221, 2002 WL 1160832, at *2 (E.D. Pa. June 3, 2002) ("[T]he delay in removing Petitioner rests [primarily] upon the unwillingness of the foreign consulate to issue the travel documents necessary to effectuate Petitioner's removal due to the pending litigation, namely, the litigation of the instant habeas petition. . . . [As] Petitioner provides no good reason as to why his removal in the reasonably foreseeable future would be unlikely following the disposition of the instant petition, Petitioner's continued detention is reasonable."), *aff'd*, 85 F. App'x 869 (3d Cir. 2003).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendation should be and is hereby adopted in its entirety.

Accordingly:

1. Petitioner's objections (Docs. 15, 17) are **OVERRULED**;

2. The Report and Recommendation (Doc. 13) is **ADOPTED**;

3. The Petition (Doc. 1) is **DENIED without prejudice**;

4. Petitioner's motion for a hearing on the Petition (Doc. 12) is **DENIED**;

5. Because reasonable jurists would not debate the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2253; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983));

6. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, this Court **DENIES** Petitioner leave to appeal *in forma pauperis*.

7. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: 2/13/2020

Timothy S. Black
United States District Judge